

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 25, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-586.

Re: Rendition of property
    during period of re-
    demption following
    sale for delinquent
    taxes, and amount
    necessary to redeem.

Dear Mr. Sheppard:

Your letter requesting our opinion upon the above captioned matter reads as follows:

"Upon reading the case State vs. Moak, et al, 207 S. W. 2d, Page 894, and reading Article 7345b, as amended, this department is confused as to whether it should require property sold for taxes to remain on the tax roll during the period of redemption, and in what amounts the original owner would be required to pay in order to redeem his land under the following circumstances:

"1. What amount would the owner be required to pay to redeem his property within the second year of the period of redemption where the title to the property still remained in the taxing unit?

"2. What amount would the original owner be required to pay to redeem his land during the second year of the period of re-demption where a third party had bought the property in at first sale; and

"3. Where the third party had bought the property at a subsequent sale and paid less than the adjudged value?

"4.  Is the purchaser other than the
taxing unit required to render the property
and pay taxes during the period of redemp-
tion?"

The Supreme Court in State vs. Moak, et al, 207
S. W. (2d ) 894, held that taxes do not accrue on land while
the title is held by a taxing unit for itself and for the
benefit of other taxing units during the two-year redemption
period.  This holding was based on the ground that ."The prop-
erty was exempt from taxation while held by the City for the
State, the County and itself.. . ."  If the taxable title was
still in the original owner, and not in the purchasing taxing
unit, it would not have been exempt from taxation.  The pur-
chaser at a tax foreclosure sale, whether a taxing unit or a
private purchaser, acquires the same character of title.  You
are therefore advised that the purchaser and not the original
owner is required to render the property for taxation.

Sec. 12 of Article 7345b, V. C. S. reads as follows:

"Sec. 12.  In all suits heretofore or
hereafter filed to collect delinquent taxes
against property, judgment in said suit shall
provide for the issuance of writ of possession
within twenty (20) days after the period of
redemption shall have expired to the purchaser
at foreclosure sale or its or his assigns; but
whenever land is sold under judgment in such
suit for taxes, the owner of such property, or
anyone having an interest therein, or their
heirs, assigns or legal representatives, may,
within two (2) years from the date of the fil-
ing for record of the purchaser's deed and not
thereafter, have the right to redeem said prop-
erty from such purchaser on the following basis,
to wit:

"(1)  Within the first year of the redemp-
tion period, upon the payment of the amount of
the bid for the property by the purchaser at
such sale, including a One Dollar ($1) tax deed
recording fee and all taxes, penalties, interest
and costs thereafter paid thereon, plus twenty-
five per cent (25%) of the aggregate total.

"(2)  Within the last year of the re-
demption period, upon the payment of the
amount bid for the property at such sale,
including a One Dollar ($1) tax deed record-
ing fee and all taxes, penalties, interest
and costs thereafter paid thereon, plus fif-
ty per cent (50%) of the aggregate total;
and no further or additional amount than
herein specified shall be required to be paid
to effect any such redemption.

"In addition to redeeming direct from the
purchaser, as aforesaid, redemption may also
be made upon the basis hereinabove defined as
provided in Article 7284 and 7285, of the Re-
vised Civil Statutes of Texas of 1925.  The
term 'purchaser' as used in this Section shall
include any taxing unit purchasing property at
tax foreclosure sale.  As amended Acts 1947,
50th Leg., p. 1061, ch. 454, § 2."

The above language stating the basis upon which
property may be redeemed is clear and unambiguous.

You are therefore advised in answer to your
questions 1, 2 and 3 that the original owner may redeem
the property from the purchaser, whether a private pur-
chaser or a taxing unit purchaser, within the first year
of the redemption period, upon the payment of the amount
bid for the property by the purchaser at the foreclosure
sale, plus One ($1) Dollar and the amount of all taxes,
penalties, interest and costs paid by the purchaser or his
assigns due on the property since the date of the judgment,
if any, plus 25% of the aggregate total.  The original
owner may redeem within the last year of the redemption
period by paying the same amount except he must pay in lieu
of 25% of the aggregate total, 50% of the aggregate total.
The adjudged value or the amount received at a subsequent
sale should not be considered in arriving at the amount re-
quired to be paid in order to effect a redemption.

You also inquire as to whether or not property
sold at a tax foreclosure sale should remain on the tax
rolls during the period of redemption.  We have already
stated herein that the property should be rendered for tax-
ation by the purchaser at the foreclosure sale.  This is
true even though a taxing unit is the purchaser.  Article
7151 V.C.S. reads, in part, as follows:

"All property shall be listed for taxation between January 1 and April 30 of each year, when required by the assessor, with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered. Any property purchased or acquired on the first day of January shall be listed by or for the person purchasing or acquiring it. If any property has, by reason of any special law, contract, or fact, been exempt or has been claimed to be exempted from taxation for any period or limit of time, and such period of exemption shall expire between January 1 and December 31 of any year, said property shall be assessed and listed for taxes as other property; but the taxes assessed against said property shall be for only the pro rata of taxes for the portion of such year remaining. . . ."

After rendition by a private purchaser during the period of redemption, the property should be assessed for taxes. After rendition by a taxing unit purchaser during the period of redemption, the property should not be assessed for taxes as long as the title is held by the taxing unit. State v. Moak (supra). But if the property is redeemed by the original owner or sold during the period of redemption to a third party the property should then be assessed and listed for taxes for the pro rata part of the taxable year remaining. See Childress County v. Schultz, 199 S.W. (2) 860. The tax rolls should reflect the date of the purchase by the taxing unit and the date of redemption or re-sale and marked during this period "Title held by taxing unit - tax exempt" or words of like import. In this connection see our opinion V-252 a copy of which is enclosed herewith.

## SUMMARY

The purchaser at a tax foreclosure suit should render the property for taxes. State v. Moak, et al, 207 S.W. (2) 894. The property may be redeemed by the original owner as provided by Sec. 12 of Art. 7345b, V. C. S. The property should not be assessed for taxes during the time it is held by a taxing unit,

but in the event of redemption or resale, it should be assessed for taxes for the pro rata part of the taxable year remaining. Childress Co. v. Schultz, 199 S.W. (2) 860.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert
W. V. Geppert
Assistant

WVG/lh:wb
Encl.

APPROVED

Price Daniel
ATTORNEY GENERAL